**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KEVIN PETER O'CONNOR,         )       CASE NO. 4:21-cv-1287
                                   )
                                   )
               PLAINTIFF,       )       JUDGE SARA LIOI
                                   )
vs.                               )
                                 )       MEMORANDUM OPINION AND
                                 )       ORDER
UNITED STATES, et al.,         )
                                 )
                                 )
           DEFENDANTS.     )

## I. INTRODUCTION

*Pro se* plaintiff Kevin Peter O'Connor ("O'Connor") has filed a complaint in this matter in connection with medical care he received over many years at medical facilities operated by the United States Department of Veterans Affairs ("VA"), *i.e.*, the "VA Hospital Wade Park, Cleveland, and the VA Outpatient Clinic Youngstown, Ohio." (Doc. No. 1 (Complaint) at 4.) He sues the United States and numerous individual defendants, all medical or other employees of the VA facilities. He seeks monetary relief. With his complaint, O'Connor has filed a motion to proceed *in forma pauperis*. (Doc. No. 2 (IFP Motion).) That motion is granted. For the reasons stated below, however, his complaint is dismissed.

## II. STANDARD OF REVIEW AND DISCUSSION

The Court is mindful that *pro se* complaints must be held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30

L. Ed. 2d 652 (1972); *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 594, 30 L. Ed. 2d 251 (1976) *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction[,]" and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief") (internal quotation marks and citations omitted). But principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("*pro se* plaintiffs are not automatically entitled to take every case to trial"). District Courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.; *see also Edwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Indeed, federal district courts are required to screen all *in forma pauperis* complaints and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To state a claim, a complaint must set forth "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. They also must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

Even construing O'Connor's complaint and supplemental document liberally, he has not met basic pleading requirements or stated a claim upon which relief may be granted. The complaint does not set forth coherent factual allegations, recognizable legal grounds, or a request for relief sufficient to state any plausible federal claim against the named defendants. The complaint, therefore, must be dismissed pursuant to § 1915(e)(2)(B).[1] *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

---

[1] To the extent O'Connor has attempted to assert a claim against the United States for medical malpractice under the Federal Tort Claims Act ("FTCA") (which the Court finds for the reasons previously stated he has failed to do), such a claim would fail for the additional reason that O'Connor has not alleged or otherwise demonstrated that he has exhausted his administrative remedies. *See Bumgardner v. U.S.*, 469 F. App'x 414, 417 (6th Cir. 2012) (in order to file a medical malpractice claim for damages under the FTCA against the VA, plaintiff veteran was required to first exhaust administrative remedies); *see, e.g., Williams v. U.S.*, No. 1:11-cv-671, 2011 WL 3566811, at *2 (N.D. Ohio Aug. 15, 2011) (veteran's *pro se* FTCA claim dismissed without prejudice for failure to file an administrative claim with the VA prior to bringing suit in federal court).

### III. CONCLUSION

Accordingly, O'Connor's motion to proceed *in forma pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(c). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: November 3, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4